[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE. DEFENDANT'S MOTION TO DISMISS #116
On September 29, 1989, the plaintiff, Daniel Murphy, filed a complaint in which he alleged that, on February 29, 1988, he was terminated from employment by the defendant Midwestern Connecticut Council on Alcoholism. The plaintiff's complaint contained two counts, the first of which was dismissed by the court, Pickett, J., on August 6, 1990. The second count alleged that the plaintiff was employed in accordance with a contract of employment created by the defendant's written manual, and that the plaintiff's termination breached this contract in that said CT Page 693 termination was without just cause; was for reasons not listed in the handbook; and was in violation of public policy of the State of Connecticut. The defendant moved to dismiss the second count on the ground that the plaintiff had failed to exhaust his administrative remedies under the aforementioned contract. However, the court refused to act on this issue because the defendant had failed to submit a copy of the purported contract in connection with its motion to dismiss. Consequently, because the terms of the contract were not then a part of the record, the motion to dismiss was denied.
On November 12, 1991, the defendant again moved to dismiss the second count on the ground that the court lacks jurisdiction over the subject matter of this action because the plaintiff has failed to exhaust his administrative remedies. Attached to the motion is a copy of the contract. On November 27, 1991, the plaintiff filed an objection to the motion to dismiss.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. The motion tests "whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). Although "every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers,215 Conn. 701, 710, 579 A.2d 1 (1990), whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed. Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
The defendant, in its memorandum in support of its motion to dismiss, contends that because the plaintiff has failed to exhaust his administrative remedies in accordance with the terms of the employment contract, this court lacks jurisdiction over the subject matter of this case.
The plaintiff, in opposing the motion to dismiss, concedes that it did not exhaust its remedies insofar as it did not request a review by a grievance board of the decision of the defendant's executive director. However, the plaintiff claims, inter alia, that the administrative procedure is inapplicable in this case, as the plaintiff's employment was terminated and, consequently, he is not an employee of the defendant. Therefore, the plaintiff contends, the contract's grievance procedure is not relevant here, and the motion to dismiss is denied.
The question before this court is whether or not the contract, and its administrative grievance procedure, are applicable here. The contract's section on grievances and complaints states that:
Grievances and Complaints
It is expected that there exist an atmosphere of trust and mutual CT Page 694 respect among all levels of employees, that leads to open and free communication and an airing of problems in a constructive fashion. The Council recognizes that, on occasion, staff members may have grievances or complaints that cannot or have not been resolved within the normal communication process. In such situations, the staff member with a grievance shall bring that grievance or problem to his or her immediate supervisor for resolution. The problem should he stated in specific detail and a specific solution requested. If the problem is not resolved at that level, it is to be brought to the Executive Director in an expedient and timely fashion by the staff member involved. At the discretion of the staff member, he or she will discuss the grievance with the Executive Director either privately or in the company of the immediate supervisor. The Executive Director will then make a decision as to the validity of the grievance and the requested solution. . . .
 If, after the Executive Director has made a decision, a staff member remains aggrieved, he or she has the right to present the grievance and the requested solution in writing to a Grievance Committee of the Board of Directors. . .In all cases, the decision of the Grievance Committee shall be final.
Contract, p. 6. (Emphasis added.)
Thus, the contract refers to current employees and staff members. The plaintiff's employment was terminated on February 29, 1988, and it must be determined whether the contract is meant to include terminated staff members as well as currently employed staff members. This issue is analogous to that confronted by Connecticut's courts in the field of workers' compensation. There is a conflict of authority in the superior court as to whether termination of an employee is "in the course of employment" so as to bar an employee's civil action for damages against its employer. In Deak v. O'Neil Chevrolet and Buick, Inc., 2 CSCR 432 (March 4, 1987, O'Neil, J.), the court held that the temporal aspects of a person being in the course of his employment and being fired are, essentially, inseparable. The court held that the claimed injury of mental and emotional distress occurred in the course of employment, barring the plaintiff's civil action for emotional distress. Id. However, in Mosely v. Housing Authority, 4 CSCR 3 (January 2, 1989, McDonald, J.), the court held that the plaintiff's claim for negligent infliction of emotional distress was not barred by the Workers' Compensation Act as the allegations reflected a termination of the injured relationship. Id. at 4. See also Miller v. Insilco, 1 CTLR 651 (May 22, 1990, Schimelman, J.); Manville v. Blue Cross and Blue Shield, D.N. 24-54-36 (Judicial District of New Haven, Memorandum of Decision re: Motion To Strike, February 6, 1990, Berdon, J.); Miller v. Insilco, 1 CTLR 273 (February 9, 1990, Schimelman, J.) Thus, the Mosely. Miller and Manville courts found that termination of employment ended the employer-employee relationship altogether. CT Page 695
This court follows the reasoning applied in Mosely, Miller and Manville and finds that the plaintiff, as a result of the termination of his employment, is no longer bound by the terms and procedures of the contract with regard to the grievance procedure. Thus, this court has jurisdiction over this matter and the motion to dismiss is denied.
PICKETT, JUDGE