MARY LeCONCHE ET AL. *v.* KENNETH W.
ELLIGERS ET AL.
(13925)
(13926)

PETERS, C. J., GLASS, COVELLO, HULL and BORDEN, Js.

Argued May 8—decision released July 24, 1990

*Patrick Tomasiewicz,* with whom, on the brief, were *Benjamin M. Massa, Joseph E. Fazzano* and *David A. Dee,* for the appellants (plaintiffs).

*Lois Tanzer,* with whom, on the brief, was *Tracey C. Kammerer,* for the appellees in the first case (named defendant et al.).

*Louis B. Blumenfeld,* with whom, was *William J. Scully,* for the appellee in the first case (defendant St. Francis Hospital and Medical Center).

*Cynthia A. Jaworski* and *Michael D. Neubert,* with whom was *Elizabeth K. McLaughlin,* for the appellees in the second case (defendant John T. DeMaio et al.).

*William F. Gallagher* and *Cynthia C. Bott* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

BORDEN, J. In these consolidated appeals, the plaintiffs[1] appeal from the judgment of the trial court dismissing for lack of subject matter jurisdiction their medical malpractice complaint against the defendants, Kenneth W. Elligers, Carey Ann Reber, John T. DeMaio, Brendan M. Fox, Hartford Urology Group (urology group), and St. Francis Hospital and Medical Center (hospital). The dispositive issue is whether a certificate of good faith belief of negligence, as required by General Statutes (Rev. to 1987) § 52-190a[2] is a sub-

---

[1] The plaintiffs are Mary LeConche, and her husband, Charles LeConche, who sought damages for medical expenses and loss of consortium.

[2] General Statutes (Rev. to 1987) § 52-190a provided as follows: "PRIOR REASONABLE INQUIRY AND CERTIFICATE OF GOOD FAITH REQUIRED IN NEGLIGENCE ACTION AGAINST HEALTH CARE PROVIDER. (a) No action, accruing on or after October 1, 1986, shall be filed to recover damages for personal injury or wrongful death, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading

ject matter jurisdictional requirement for a malpractice action against a health provider. We conclude that it is not, and we reverse the judgment of the trial court.

In July, 1988, the plaintiffs brought an action against the defendants, claiming negligence and breach of contract arising out of a course of medical treatment that occurred between October 16, 1986, and November 1, 1986. Their complaint failed to contain a certificate stating that they or their attorney had made a reasonable inquiry giving rise to a good faith belief that grounds existed for such an action against each defendant. Each defendant moved to dismiss the complaint for lack of subject matter jurisdiction, on the sole ground that the plaintiffs had failed to file such a certificate of good faith. In response to the motions to dismiss, the plain-

shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate.

"(b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

tiffs moved to amend their complaint to include a certificate by their attorney that he had made a reasonable inquiry to determine whether there were grounds for a good faith belief of negligence in the named plaintiff's treatment, and that he had such a good faith belief.[3]

The motions to dismiss addressed only the plaintiffs' failure to file a good faith certificate with or as part of their complaint and not the sufficiency of the plaintiffs' inquiry preceding the filing of their action. The court, however, addressed both issues. In its memorandum of decision, the court held that the statutory requirements of both a precomplaint inquiry and a certificate of good faith were subject matter jurisdictional requirements. Accordingly, the court denied the motion to amend[4] and granted the motions to dismiss. The plaintiffs filed two separate appeals[5] to the Appellate Court, and we transferred the appeals to this court pursuant to Practice Book § 4023.

[3] The proposed certificate, dated February 3, 1989, signed by the plaintiffs' attorney, stated: "I hereby certify that I have made a reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. This inquiry has given rise to a good faith belief on my part that grounds exist for an action against each named defendant."

[4] Although the court in its memorandum of decision did not formally deny the motion to amend, it implicitly denied it by concluding that the proposed certificate was ineffective to cure the perceived lack of subject matter jurisdiction. Thereafter, on October 16, 1989, the court rectified the record by orally denying the motion to amend.

[5] The two appeals arise from the following procedural morass. Each of the six defendants filed essentially identical motions to dismiss, challenging the court's subject matter jurisdiction. On February 21, 1989, the court heard the motions to dismiss of the defendants Elligers, Reber and the hospital, and, on May 10, 1989, issued a memorandum of decision granting the "*defendants*' motion to dismiss" (emphasis added) without specifying that only the motions of Elligers, Reber and the hospital were granted. The clerk then rendered a partial judgment, erroneously naming the defendants Fox and the urology group as the beneficiaries of the court's ruling. The plaintiffs then filed the first appeal, Docket No. 13925, from that judgment, mistakenly

The plaintiffs claim that the trial court should not have dismissed their complaint because: (1) General Statutes (Rev. to 1987) § 52-190a (a), in effect at the time of the named plaintiff's course of treatment, was repealed by Public Acts 1987, No. 87-227, § 9, and that the effect of that legislation was to postpone until October 1, 1987, the statutory requirements of a reasonable precomplaint inquiry and good faith certificate; (2) the lack of a good faith certificate contained in the complaint did not deprive the court of subject matter jurisdiction; and (3) the court should have permitted the plaintiffs' proposed amendment. We disagree with the plaintiffs' first claim, but agree with their latter two claims.

I

The plaintiffs first claim that the trial court improperly dismissed their complaint because General Statutes (Rev. to 1987) § 52-190a was repealed in 1987 and replaced by Public Acts 1987, No. 87-227, § 9, and that this legislation eliminated the requirements of a precomplaint inquiry and good faith certificate for actions based on injuries occurring prior to October 1, 1987. This claim is without merit.

The precomplaint inquiry and good faith certificate requirements for a medical malpractice action were enacted as part of tort reform legislation in 1986. The first sentence of § 12 (a) of Public Acts 1986, No. 86-338, effective October 1, 1986, provided: "No action,

naming all of the defendants as appellees. Subsequently, the court corrected the record to reflect that it had only granted the motions of Elligers, Reber and the hospital. Thereafter, on October 16, 1989, the court granted the motions to dismiss of the remaining defendants, namely, DeMaio, Fox and the urology group. At that point, therefore, the complaint was dismissed as against all of the defendants. From that judgment the plaintiffs filed the second appeal, Docket No. 13926, naming DeMaio, Fox and the urology group as appellees. Thereafter, we consolidated the two appeals, and consider them together as raising the same issues with respect to all of the parties.

accruing on or after the effective date of this act, shall be filed to recover damages for personal injury or wrongful death, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The second sentence provided: "The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." Section 12 was later codified as General Statutes (Rev. to 1987) § 52-190a.

In 1987, the legislature enacted § 9 of Public Acts 1987, No. 87-227, effective October 1, 1987, which provided in pertinent part: "Section 52-190a of the General Statutes is repealed and the following is substituted in lieu thereof: (a) No CIVIL action[, accruing on or after October 1, 1986,] shall be filed to recover damages [for] RESULTING FROM personal injury or wrongful death OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THIS ACT, whether in tort or in contract," unless such an inquiry has been made. The rest of § 52-190a, including the second sentence, remained unchanged by this public act, which is now codified as General Statutes (Rev. to 1989) § 52-190a.

The plaintiffs argue that the "repeal" of General Statutes (Rev. to 1987) § 52-190a effected by the 1987 public act postponed the application of the precomplaint inquiry and good faith certificate requirements to injuries occurring on or after October 1, 1987. They contend, therefore, that the requirements did not apply to their claim for injuries, which occurred before that date.

The short answer to this claim is that Public Acts 1987, No. 87-227, § 9, did not repeal General Statutes (Rev. to 1987) § 52-190a, but amended it, effective October 1, 1987, by eliminating the bracketed language and adding the capitalized language. See General Statutes § 2-18; *State* v. *Blasko,* 202 Conn. 541, 554, 522 A.2d 753 (1987); *State* v. *Kozlowski,* 199 Conn. 667, 679 n.10, 509 A.2d 20 (1986). The use in the 1987 public act of the words "repeal" and "substituted in lieu thereof" simply reflected the legislature's drafting convention of amending statutes by " 'cast[ing] acts which alter language within existing statutory subsections in the form of repeal and substitution.' " *State* v. *Blasko,* supra, quoting *State* v. *Kozlowski,* supra, 675. The legislative history of the 1987 public act buttresses this conclusion. That history makes clear that the legislature intended to amend the statute with respect to actions for injuries occurring on or after October 1, 1987, and to continue the application of the 1986 public act to actions that occurred on or after October 1, 1986, but before October 1, 1987. See 30 S. Proc., Pt. 6, 1987 Sess., p. 1969, remarks of Senator Thomas F. Upson; 30 H.R. Proc., Pt. 16, 1987 Sess., pp. 5686–87, remarks of Representatives Robert Farr and Richard D. Tulisano. Thus, the provisions of No. 86-338, § 12, of the 1986 Public Acts; General Statutes (Rev. to 1987) § 52-190a; continued to apply to the plaintiffs.[6]

## II

The plaintiffs next claim that (1) the trial court had subject matter jurisdiction over the plaintiffs' action, notwithstanding that the complaint did not contain a

---

[6] This conclusion renders it unnecessary to consider the arguments of the defendants that the 1987 public act was meant simply to clarify its 1986 progenitor and thus to have full retroactive effect; see *State* v. *Magnano,* 204 Conn. 259, 284, 528 A.2d 760 (1987); and that the defendants had vested rights in the application of the 1986 version of the statute.

good faith certificate, and (2) the court, therefore, should not have dismissed their motion to amend the complaint by adding to it their attorney's proposed good faith certificate. They argue that, in enacting § 52-190a, the legislature did not intend to make the good faith certificate a jurisdictional requirement. We agree.

Although the defendants' motions to dismiss relied solely on the lack of a good faith certificate, the trial court held that both the certificate and a reasonable precomplaint inquiry were subject matter jurisdictional requirements under § 52-190a, and the parties have argued this appeal accordingly.[7] The trial court's finding that there was no reasonable precomplaint inquiry, however, was based solely on its examination of the plaintiffs' proposed certificate. The court made no further factual inquiry into the extent of the plaintiffs' precomplaint investigation, nor was it requested to do so by the defendants.

The statute, however, clearly requires a factual inquiry by the court regarding the sufficiency of the precomplaint investigation. That inquiry is to be undertaken after the completion of discovery. See footnote 2, supra. The existence of a report by a medical expert may be, but is not necessarily, sufficient to establish the plaintiffs' good faith belief. "For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion . . . of a similar health care provider as defined in section 52-184c . . . that there appears to be evidence of medical negligence. In addition to such writ-

---

[7] The plaintiffs in their brief argued that neither the precomplaint inquiry nor the good faith certificate is a jurisdictional requirement. At oral argument in this court, however, they conceded that a reasonable precomplaint inquiry is a subject matter jurisdictional requirement. We are not bound by that concession, however; see State v. Heinz, 193 Conn. 612, 616, 480 A.2d 452 (1984); and we decline to adopt it because it is not necessary to the decision in this case.

ten opinion, the court may consider other factors with regard to the existence of good faith." General Statutes § 52-190a (a).

Thus, the statute permitted the plaintiffs in this case to establish a reasonable precomplaint inquiry by reference to factors beyond the certificate evidencing their good faith, and beyond any written expert opinion they may have secured.[8] Since the court based its finding of a lack of a reasonable precomplaint inquiry on an unduly limited factual inquiry and record, it would be premature to consider whether that statutory requirement is subject matter jurisdictional. We leave that issue for another day.

We turn, therefore, to the issue of whether the good faith certificate is jurisdictional. We conclude that it is not. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981). We begin with the premise that traditionally the Superior Court has had subject matter jurisdiction of a common law medical malpractice action. The issue presented, therefore, is whether the legislature intended § 52-190a to create an additional subject matter jurisdictional requirement of a good faith certificate in such a case. That determination must be informed by the established

---

[8] In this connection, we note that the record contains a copy of a medical report from a physician to the plaintiffs' attorney that the plaintiffs claim establishes the sufficiency of their precomplaint inquiry. Although it is not clear when the plaintiffs brought this report to the attention of the trial court, they referred to it in oral argument to the trial court on October 16, 1989, when the court considered the motions to dismiss of the second group of defendants. See footnote 5, supra. The transcript of that proceeding discloses that the court read the report, and it was subsequently made part of the record on appeal. It is clear, however, from the court's memorandum of decision, filed on May 10, 1989, that the court did not consider the report in dismissing the complaint.

principle that every presumption is to be indulged in favor of jurisdiction. *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989).

First, the language of § 52-190a, considered in light of its purposes, does not suggest that such a certificate is jurisdictional. The first sentence of the statute requires that the plaintiff or his attorney make "a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The second sentence, the effect of which is at issue here, provides: "The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."

Although the operative sentence of § 52-190a provides that the "complaint or initial pleading *shall* contain" (emphasis added) a good faith certificate, and although "shall" has often been held to be mandatory; see, e.g., *Farricielli* v. *Personnel Appeals Board,* 186 Conn. 198, 202–203, 440 A.2d 286 (1982); contrary to the defendants' argument, its use in this section does not mandate that such a certificate is jurisdictional. The test for determining whether the use of the word "shall" is mandatory or directory is "whether the prescribed mode of action is of the essence of the thing to be accomplished." *Vartuli* v. *Sotire,* 192 Conn. 353, 360, 472 A.2d 336 (1984). That test must be applied with reference to the purpose of the statute. See id.

We agree with the defendants that the general purpose of § 52-190a is to discourage the filing of baseless lawsuits against health care providers. We disagree,

however, that the good faith certificate is so central to that purpose that it is "of the essence of the thing to be accomplished." Id.

The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. In light of that purpose, the lack of a certificate does not defeat what would otherwise be valid jurisdiction in the court. The purpose is just as well served by viewing the statutory requirement that the complaint contain a good faith certificate as a pleading necessity akin to an essential allegation to support a cause of action. Viewed through that prism, the absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book § 152 (1)[9] for failure to state a claim upon which relief can be granted, and to render that absence curable by timely amendment pursuant to Practice Book §§ 157 and 175.[10]

---

[9] Practice Book § 152 (1) provides: "[MOTION TO STRIKE]——IN GENERAL

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ."

[10] Practice Book § 157 provides: "[MOTION TO STRIKE]——SUBSTITUTE PLEADING; JUDGMENT

"Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

Practice Book § 175 provides: "[AMENDMENTS]——AMENDMENT AS OF RIGHT BY PLAINTIFF

"The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might

Second, although § 52-190a (a) does not address the consequences of a failure to file a certificate, it does address the consequences of filing of what is later deemed to be a false certificate. The statute provides: "If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate."

Assuming without deciding that "an appropriate sanction" for filing a false certificate includes dismissal, it is clear that such a dismissal would be discretionary, rather than required due to lack of subject matter jurisdiction. Compare *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* 215 Conn. 224, 229, 575 A.2d 693 (1990) (failure to comply with Practice Book § 390 [d] requires dismissal for lack of subject matter jurisdiction), with *England* v. *Coventry,* 183 Conn. 362, 365–66, 439 A.2d 372 (1981) (Practice Book § 390 [c] authorizes discretionary power in trial court to dismiss a declaratory judgment action where it determines that parties should be left to other form of procedure). The filing of a false certificate that represents that a reasonable precomplaint inquiry was made, where in fact it was not, presents a more compelling scenario for dis-

have been originally inserted therein, without costs, during the first thirty days after the return day."

missal than the present case. Here, the plaintiffs have merely failed to file a certificate but are prepared to do so and to establish that they have in fact made a sufficient precomplaint inquiry. It would be incongruous to read § 52-190a as providing subject matter jurisdiction in the former case but depriving the court of such jurisdiction in the latter. Statutes are to be read as contemplating sensible, not bizarre, results. *Stamford Ridgeway Associates* v. *Board of Representatives,* 214 Conn. 407, 427, 572 A.2d 951 (1990).

Finally, recent legislative action in another area counsels caution about reading statutory requirements as jurisdictional. Prior to 1989, under General Statutes § 4-183 of the Uniform Administrative Procedure Act (UAPA), certain procedural infirmities had been held to deprive the court of subject matter jurisdiction to hear an administrative appeal. See, e.g., *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985) (failure to serve party to administrative proceeding deprives court of subject matter jurisdiction); see also *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 162–63, 561 A.2d 931 (1989); *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550, 489 A.2d 368 (1985) (failure to serve other parties to administrative proceeding with copy of appeal within statutory time limit deprives court of jurisdiction). In 1988, the legislature enacted Public Acts 1988, No. 88-317, § 23 (c), effective July 1, 1989, amending § 4-183 of the UAPA to provide that such infirmities do not deprive the court of jurisdiction. See General Statutes (Rev. to 1989) § 4-183 (c) (failure to make timely service on parties other than agency does not deprive court of jurisdiction); General Statutes (Rev. to 1989) § 4-183 (d) (if failure to make service causes prejudice to any party, court may dismiss the appeal); General Statutes (Rev. to 1989) § 4-183 (e) (if service not made on party, court shall make orders

of notice of appeal reasonably calculated to notify each party not yet served). We regard this legislative overruling of judicial decisions in that area as an expression of legislative policy consistent with the judicial tenet that the court should indulge every presumption in favor of subject matter jurisdiction. See *Demar* v. *Open Space & Conservation Commission,* supra.

This conclusion is in accord with appellate cases in New York, Florida and Illinois that have addressed the failure of medical malpractice plaintiffs to file good faith certificates required by statutes similar to ours. See, e.g., *Nash* v. *Humana Sun Bay Community Hospital,* 526 So. 2d 1036, 1039 (Fla. App. 1988) (requirement of good faith certificate not jurisdictional); *McCastle* v. *Sheinkop,* 121 Ill. 2d 188, 193, 520 N.E.2d 293 (1987) (failure to file attorney's affidavit does not require dismissal with prejudice); *Sisario* v. *Amsterdam Memorial Hospital,* 146 App. Div. 2d 837, 838, 536 N.Y.S.2d 242 (1989) (failure to file a certificate not jurisdictional in nature).

The defendants argue, relying principally on *Lampasona* v. *Jacobs,* 209 Conn. 724, 729–31, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989), and the cases cited therein, that the good faith certificate is a mandatory condition precedent to the plaintiffs' cause of action, and its absence was, therefore, a subject matter jurisdictional flaw. We disagree. In *Lampasona,* the issue was whether the general summary process statute; General Statutes § 47a-23; or the mobile home summary process statute; General Statutes § 21-80; applied to the defendant, who was the owner of a mobile home in the plaintiff's park. Id., 730. We held that a notice to quit was a jurisdictional condition precedent under both statutes. Id., 729. That decision was based on previous case law concerning summary process cases; see

id., 728, citing *Sandrew* v. *Pequot Drug, Inc.,* 4 Conn. App. 627, 631, 495 A.2d 1127 (1985); *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 622, 46 A.2d 343 (1946); and cases interpreting certain statutory time limitation and notice requirements. See *Lampasona* v. *Jacobs,* supra, 729, citing *Tucker* v. *Maher,* 192 Conn. 460, 469, 472 A.2d 1261 (1984) (notice of declaratory judgment action to parties affected by the action); *Connecticut Steel Co.* v. *National Amusements, Inc.,* 166 Conn. 255, 262–63, 348 A.2d 658 (1974) (action to foreclose mechanic's lien must be brought within statutory time limit or court lacks jurisdiction); *Glenn Chaffer, Inc.* v. *Kennedy,* 37 Conn. Sup. 654, 658, 433 A.2d 1018 (1981) (notice of condominium conversion is jurisdictional prerequisite to summary process action).

Those cases are distinguishable. The cases involving summary process, and the case involving foreclosure of a mechanic's lien, were statutory actions where the court construed certain statutory requirements as jurisdictional in nature. Furthermore, in the declaratory judgment action, notice to affected parties was considered to be jurisdictional because it implicated the due process right to be heard. *Tucker* v. *Maher,* supra. In none of those cases did the court confront the issue, present in this case, of whether the legislature intended to engraft an additional jurisdictional requirement onto a common law action that was traditionally within the court's jurisdiction.

This analysis also leads to the conclusion that the trial court should have permitted the plaintiffs to amend their complaint by filing a certificate, because the court had subject matter jurisdiction and because its denial of the motion to amend was based on a perceived lack thereof. Furthermore, although the proffered certificate did not specifically indicate that the plaintiffs had made a *precomplaint* inquiry, it did not preclude a find-

ing that such an inquiry had been conducted. See footnote 3, supra. Pleadings should be read broadly and realistically, and not narrowly and technically. *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 588, 542 A.2d 1124 (1988). Thus, the plaintiffs were entitled to amend their complaint, as they sought to do, and to establish pursuant to their amended complaint that they conducted an appropriate precomplaint inquiry.

The judgments are reversed and the case is remanded to the trial court with direction to grant the plaintiffs' motion to amend their complaint, and for further proceedings according to law.

In this opinion the other justices concurred.