[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DATED AUGUST 5, 1991
The first special defense, as framed, introduces the post-judgment issues of collateral source payments under 52-225a of our statutes. We think this issue is properly raised after liability has been CT Page 8000 established and under our rules of practice is not appropriately presented by a special defense. Moshen v. Peters, 4 CLT 303 (June 20, 1991, Hodgson, J.) p. 673.
St. Mary's Hospital by its second special defense attempts to continue to raise alleged jurisdictional defects based not on the amended complaint, allowed previously over objection by Judge Santos, but on the original complaint's not containing a good faith certificate. This issue was previously raised by this defendant by a motion to dismiss which the court denied. The present amended complaint contains a good faith certificate in accord with Form 101.3 of our Connecticut Practice Book. However, this second special defense also attacks the infirmity of the original complaint, which is no longer a viable pleading for trial. Since that special defense raises issues outside the architecture of the amended complaint to which it ought be addressed, we think it is legally insufficient. See Stephenson, Connecticut Civil Procedure, 2nd ed. Vol. I 127-128.
St. Mary's Hospital in its brief in opposition to this motion at unpaginated page 7, argues that in LeConche v. Elligers,215 Conn. 701 (1990), the Connecticut Supreme Court left as an open issue whether an inadequate pre-complaint inquiry in a medical malpractice complaint goes to subject matter jurisdiction. While we agree that that issue was left open in LeConche, we don't think that is what was pled in this second special defense and even if it were, issues involving subject matter jurisdiction in our practice are to be raised not by a special defense, but rather by a motion to dismiss. See Connecticut Practice Book Section 143.
Upon concluding that both the first and second special defenses are legally insufficient, we grant this motion to strike.
So ordered.
WILLIAM PATRICK MURRAY, J. A JUDGE OF THE SUPERIOR COURT