[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE OF DEFENDANTS EDWARD MASCIOLI AND MANCHESTER MEMORIAL HOSPITAL DATED MARCH 5, 1993 AND APRIL 29, 1993
Defendants, Manchester Memorial Hospital and Edward Mascioli, M.D. moved on March 5, 1993 to strike those portions of the First, Second, Third, Fifth, Seventh and Eighth counts of the Complaint which apply to them; and they moved on April 29, 1993 to strike from the record a Good Faith Certificate dated March 24, 1993, filed by Plaintiffs on March 29, 1993.
A. Count I — CUTPA CLAIM
A party seeking to recover damages under CUTPA must allege that the conduct at issue constitutes an unfair or deceptive trade practice.
In order to withstand a Motion to Strike, the Plaintiffs must allege sufficient facts, which, if proved, would support a finding that the defendants' acts offended public policy; were immoral, unethical, oppressive or unscrupulous; and that those acts caused substantial injury. A violation of CUTPA could also be established by showing an actual deceptive practice.
Any injury must be substantial, and it must be an injury that consumers could not reasonably have avoided. See McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,567, 568, 569, 570 (1984), and Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 818, 819 (1992).
In Count I the Plaintiff has alleged that he CT Page 5058 relied on representations made by two defendants other than Mascioli and the Hospital, (Par. 18), and that "in making such representations in their promotional and advertising literature, all defendants engaged in false advertising in violation" of CUTPA. (Par. 19).
Count I lacks sufficient factual allegations to constitute a CUTPA claim. Use of the words "false advertising" is not a magical pronouncement that, in the absence of factual underpinnings, will suddenly cause a CUTPA claim to spring into existence.
The Motion to Strike those portions of the First Count that apply to the Defendants Edward Mascioli and Manchester Memorial Hospital is granted.
B. Count II — NEGLIGENCE AS TO DEFENDANT HUNT-MASON
1. Inasmuch as the allegations of Count II do not apply to the defendant Mascioli, he has no standing to move to strike, therefore, the Motion to Strike as to him is denied.
2. The Plaintiff alleges in Paragraph 3 that at all times complained of, Hunt-Mason was in the employment of the Defendant Hospital, and in Count II as a whole, that Hunt-Mason breached various duties to him, including a claim that she acted negligently.
Accepting the above claims as true, which the Court must do in a Motion to Strike, Count II presents a legally sufficient claim, so the Motion to Strike as to the Hospital is denied.
C. Counts III and V — NEGLIGENCE AS TO DEFENDANTS HOSPITAL AND MASCIOLI
Plaintiffs did not file a certificate of good faith with the Complaint, nor have they amended their complaint to include such a certificate. On March 29, 1993, they filed a Certificate of Reasonable Inquiry that does not indicate whether the inquiry was made before or after the filing of the Complaint.
 "the purpose of the Certificate is to evidence a plaintiff's good faith derived from the pre-complaint CT Page 5059 inquiry. . . . [t]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike . . . for failure to state a claim upon which relief can be granted, and to render that absence curable by timely amendment . . . ."
Leconche v. Elligars, 215 Conn. 701, 711 (1990).
The Motion to Strike Counts III and V as they apply to these Defendants is granted.
D. Count VII — NEGLIGENCE AS TO DEFENDANT HOSPITAL
The Plaintiff contends that Count VII sounds in negligence. This Complaint already contains a negligence count against the Defendant Hospital, Count III. All negligence claims against one defendant should be contained in a single count.
The Motion to Strike is granted.
E. Count VIII — LOSS OF CONSORTIUM
1. Inasmuch as all claims of the Plaintiff in his Complaint against the Defendant, Edward Mascioli, have been stricken, there can be no loss of consortium claim for his spouse, since any such claim ". . . is derivative of the injured spouse's cause of action . . . ." Hopson v. St. Mary's Hospital, 176 Conn. 485, 494 (1979).
The Motion to Strike as to the Defendant Mascioli is granted.
2. As to the Defendant Hospital, there is no basis for striking Count VIII, because Count II, which has not been stricken, provides a source for the derivative cause of action in the Plaintiff, Marie Davignon.
Therefore, the Motion to Strike as to the Defendant Hospital is denied.
F. MOTION TO STRIKE DATED APRIL 29, 1993
This Certificate was not properly filed. See Leconche CT Page 5060 v. Elligars, P. 711, supra.
The Motion is granted.
Richard A. Walsh, J.