[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE SUPPLEMENTAL DISCOVERY RELATED TO PLAINTIFF'S CERTIFICATE OF GOOD FAITH INQUIRY
The plaintiff Jacob Zamstein has filed this three count negligence action against the defendant Jamshid Marvasti, a psychiatrist who, at the behest of the plaintiff's estranged wife, undertook an evaluation of the two minor children of the plaintiff. The first count of the complaint alleges that the evaluation was done in a negligent manner and that the effect of this negligence was to damage the plaintiff in that it caused him to be alienated from his children, caused him to suffer mental anguish, and caused him to incur medical and legal expenses. The second count of the complaint alleges further negligence in the way the defendant cooperated with the state's attorney's office during an investigation of the plaintiff. The third count alleges negligent infliction of emotional harm by the defendant upon the plaintiff.
Along with the complaint, the plaintiff filed a "good faith certificate" in which counsel for the plaintiff stated that counsel had made a reasonable inquiry and that such inquiry gave rise to a good faith belief that "there has been negligence in the care or treatment of the claimant." The complaint, though superficially resembling a medical malpractice action, does not allege that the plaintiff was ever in the care or treatment of the defendant, but rather that the plaintiff suffered injury because of the way the defendant interacted with the plaintiff's children.[1] At oral argument, plaintiff's counsel asserted that there was probably no need to have filed such a certificate since the action does not fall precisely within the situation contemplated by Conn. Gen. Stat. 52-190a
which reads, in pertinent part:
 No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there CT Page 8829 are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant.
Here, although the allegation is negligence against a health care provider, it is not alleged that such negligence occurred in the care and treatment of the claimant. Nevertheless, the plaintiff has chosen to file such a certificate, and, having done so, must confront the challenge to it made by the defendant.
The issue then is whether the discovery regarding the certificate is allowable at this point in the litigation. The defendant asserts that it is, that there is a basis to challenge the validity of the certificate based on the pleadings alone because the claimant here is not the patient. The plaintiff objects to the discovery aimed at the certificate, pointing to the section of the statute that reads as follows:
 . . . If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate. CT Page 8830
Conn. Gen. Stat. 52-190a. The plaintiff argues from this language that the current request for discovery is premature, since the court's determination concerning any issue related to the validity of the certificate must await the completion of substantially all discovery.
Furthermore the statute contains a prohibition against certain discovery aimed at the certificate in the following passage:
 . . . For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider . . . that there appears to be evidence of medical negligence. . . .
Conn. Gen. Stat. 52-190a (emphasis supplied).
Read as a whole, the statute seems to contemplate the following chronology: a) plaintiff files the action, b) discovery ensues, c) discovery, in the main, discloses little or no expert support for a claim of medical negligence, d) defendant, now having a good faith suspicion concerning the validity of the certificate, files discovery aimed at the certificate, and e) either plaintiff produces some evidence of reasonable inquiry, ending the controversy over the issue, or plaintiff is unable to support the certificate and the court entertains the issue of sanctions.
The court is persuaded that, regardless of the unusual posture of the present case, the general procedure outlined above is the one that should be utilized here. It avoids the concentration of counsel and the court on what may turn out to be an undisputed or wholly tangential issue. Sanctions remain an option for the court if defendant can show at a later time that the suit has no basis and the plaintiff had made no reasonable inquiry prior to litigation. The existence of such an inquiry and the filing of the good faith certificate by the plaintiff are not matters which implicate the jurisdiction of the court in this case. LeConch v. Elligers, 215 Conn. 701
(1990). Rather, any plaintiff or counsel who may have lightly CT Page 8831 filed such a certificate without a good faith basis proceeds through such costly litigation under the peril of liability for some or all of the defendant's costs, expenses, and attorney fees, and the threat of disciplinary action.
The plaintiff's objections to the supplemental interrogatories and request for production related to the good faith certificate are sustained.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT