[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT WALLACE'SMOTION FOR SUMMARY JUDGMENT
CT Page 7736
A resolution of this case requires an analysis of Section 52-190 (a) of the general statutes. That statute reads as follows:
 Sec. 52-190a. Prior reasonable inquiry and certificate of good faith required in negligence action against health care provided. (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of such section, that there appears to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines after the completion of discovery, that such certificate was not made in good faith and that no CT Page 7737 justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party of both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate.
 (b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods.
This is a medical malpractice case in which several doctors and medical treatment services have been sued. One of the doctors sued, the defendant Wallace, has filed this motion for summary judgment claiming the suit is barred by the statute of limitations set forth in § 52-584 of the general statutes. Suit was brought on March 15, 1991, plaintiff's counsel filed a petition for a ninety-day extension of the statute of limitations pursuant to subsection (b) of the statute. In the petition the parties do not dispute Dr. Wallace was not mentioned. The defendant claims that because the doctor was not mentioned the statute of limitations was not tolled as to him and therefore this motion must be granted. The court could find no cases dealing with this issue.
Frankly this issue is not an easy one to resolve. On the one hand you have a defendant like Dr. Wallace claiming his rights under a statute of limitation which are enacted to give people assurance that after a certain date they will not have to be concerned about their actions. On the other hand you have a plaintiff's attorney perhaps coming late into a case, knowing that a statute explicitly gives him or her an automatic ninety-day extension on the statute of limitations, relying on that to perhaps delay or CT Page 7738 not complete his investigation, filing a § 52-190 petition prior to the running of the statute, and then discovering during his or her good faith investigation the identity of a doctor whose responsibility the lawyer or client had no knowledge of previously. Then it is claimed the client is barred from bringing suit because despite this not unjustifiable previously mentioned reliance the recently discovered doctor is protected by a statute of limitations which continued to run since he or she had not been named in the original petition asking for an extension.
It seems to me the latter scenario is not unlikely and given the possibility of an unfair result occurring because the statute passed by the legislature does not use more exact and explicit language to cover this situation, a court should interpret the statute to avoid that unfair result. The consequences to defendants who find themselves in the class of Dr. Wallace on the other hand are far less draconian if the statute is read as not barring suit under the facts presented in this case. After all, the statute of limitation is only extended three months and a good faith certificate would have to be filed in conjunction with any suit.
Furthermore the general purposes of the statute would be better served by permitting the petition to toll the statute against doctors not named in the petition. The purposes of Section 52-190a are set forth in LeConche v.Ellegers, 215 Conn. 701, 711 (1990).
 "The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him [sic] a good faith belief in the defendant's negligence."
Some "assurance" where a doctor eventually sued in a case like this, not someone in Dr. Wallace's position, learns that the plaintiff's lawyer during the good faith investigation learns another doctor is as responsible or is perhaps even more responsible for any injuries but that doctor can't be sued because during the ninety-day period the statute has run against this doctor who was not named CT Page 7739 in the § 52-190a petition.
On the whole, the fairer result would seem to be that this motion for summary judgment should be denied.
Corradino, J.