[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CLARIFICATION OF OCTOBER 11, 1994 ORDER DENYING MOTION FOR SUMMARY JUDGMENT
Although the court wrote "Further discovery needed" on its Order (see court file), the parties received notification which read "Further discovery noted." Thus, the notice sent to the parties was in error.
The court believes that it is a question of fact as to whether the pro se plaintiff made "reasonable inquiry as permitted by the circumstances to determine that there were grounds for a good faith belief that there has been negligence" in her care and treatment. Her affidavit indicates that she "had numerous consultations with physicians" who advised her that sudden termination of her prescription caused her to lose control of her vehicle. Although her deposition would indicate that she did not consult with physicians prior to bringing this action, her affidavit states that at the deposition she was CT Page 11545 unrepresented and subjected to counsel's skillful questions that "made her appear not to be in a position of seeking medical opinion prior to June of 1991."
General Statutes § 52-190a "requires a factual inquiry by the court regarding the sufficiency of the precomplaint investigation." LeConche v. Elligers, 215 Conn. 701, 708
(1990).
Frances Allen State Judge Referee