[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7473RE: MOTION TO STRIKE
The defendants move to strike the first and second counts of the plaintiff's complaint on the grounds (1) the plaintiff has failed to comply with General Statutes § 52-190a and (2), the plaintiff has failed to state in either count claims upon which relief can be granted. The court concludes that a certification that good grounds exist for both claims is required by § 52-190a(a) and grants the motion to strike each count.
General Statutes § 52-190a(a) provides, in part, that "[n]o civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The statute further provides that a complaint shall contain a good faith certificate. Failure to allege the existence of a good faith certificates is a ground for a motion to strike. LeConche v.Elligers, 215 Conn. 701, 711 (1990).
In the first count, the plaintiff alleges that the defendants "entered into an agreement with the plaintiff to perform services for the plaintiff, Bruce Miller, under which they would properly diagnose, treat and care for the plaintiff's teeth." The plaintiff further alleges the defendants "performed said work in such an unskillful and unprofessional manner that shortly after its completion the plaintiff began to experience increased pain in the area of said tooth . . . ." The plaintiff contends § 52-190a(a) is inapplicable. He argues that he does not seek damages for injuries resulting from the negligent conduct of the defendant but, instead, seeks damages for breach of contract. Despite the plaintiff's use of contractual terms in setting forth his claim, the plaintiff sets forth a claim in which it is alleged that his injury resulted from negligence. Section 52-190a(a) applies. Since the plaintiff has not alleged the existence of a good faith certificate, the first count must be stricken.
In the second count, the plaintiff again alleges that the defendants "entered into an agreement with the plaintiff to perform CT Page 7474 services for the plaintiff, Bruce Miller, under which they would properly diagnose, treat, and care for the plaintiff's teeth." The plaintiff further alleges that the defendants examined and diagnosed the plaintiff's condition and inserted a post in a tooth. The plaintiff alleges that subsequently to inserting the post, the defendants diagnosed an infection in the area of the tooth. The plaintiff alleges that the defendants represented and promised the infection would close and heal. The plaintiff alleges the defendants breached their agreement in that they failed to X-ray the tooth and failed to fully examine the plaintiff's perforated root. This claim is also based on the negligence of a health care provider. Since the plaintiff has not alleged the existence of a good faith certificate, the second count must also be stricken.
The motion to strike is granted.
THIM, JUDGE