[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12481-P
Facts and Discussion
The plaintiff, Michael Butcher, PPA, has instituted this action alleging medical malpractice against Dr. Hema De Silva and nurses Linda Peterson, N.J. McNamara and Bonna Neuhauser. The defendants state two grounds in their motion for summary judgment: first, that summary judgment should be granted as to defendants De Silva and Neuhauser because no expert testimony has been offered against them; and second, that summary judgment must be granted as to each defendant because this action is barred by the applicable statute of limitations, General Statutes § 52-584.
Summary judgment shall be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384;Gurliacci v. Mayer, 218 Conn. 531, 562 (1991).
 I
"In a medical malpractice action, expert testimony is required to establish the standard of professional care to which the defendant is held and that the defendant failed to conform to that standard of care." Mather v. GriffinHospital, 207 Conn. 125, 130-31 (1988). Under this standard, the plaintiff has conceded that since no expert testimony can be offered against defendant Neuhauser, summary judgment should be granted as to her. The action against De Silva has been withdrawn.
 II
This action was not commenced within two years of the plaintiff's December 1989 injury. The defendants claim that the extension of the statute of limitations granted under General Statutes § 52-190a(b) was improper and that summary judgment should enter as to both remaining defendants.
General Statutes § 52-190a(a) provides that no civil action alleging negligence against any health care provider shall be filed unless it is accompanied by a certificate of CT Page 12481-Q the attorney or party filing the action stating that a "reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." General Statutes § 52-190a(b), in turn, provides that:
 Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods.
The defendants argue that the plaintiff was in possession of a medical report by one Dr. Stuart Davoff dated October 11, 1991 wherein an expert medical opinion was rendered regarding the treatment provided to the plaintiff. Therefore, the defendants claim that the plaintiff was not entitled to an extension of the statute of limitations under General Statutes § 52-190a(b) in order to conduct a reasonable inquiry concerning the filing of a good-faith certificate. However, "the existence of a report by a medical expert may be but is not necessarily sufficient to establish plaintiffs' good faith belief." LeConche v. Elligers, 215 Conn. 701, 708 (1990). The plaintiff in possession of a medical report may need to conduct a more detailed factual inquiry before the good faith requirement is met. Id. Therefore, the plaintiff was entitled to an extension under § 52-190a(b) in order to fully conduct the reasonable inquiry required by § 52-190a(a).
Moreover, the argument that the tolling of the statute of limitations under § 52-190a(b) should not apply where the plaintiff has already made the "reasonable inquiry" required under § 52-190a(a) has been rejected by our courts. Ryan v.Izard, 12 Conn. L. Rptr. 481, 9 CSCR 1096, 1097 (1994); Burton v. WestHartford Obstetrics Gynecology, P.C., 8 Conn. L. Rptr. 396,8 CSCR 300, 301 (March 22, 1993).
For the reasons stated, summary judgment is granted as to defendant Neuhauser but denied as to defendant Saint Francis Hospital.
Michael R. Sheldon, Judge CT Page 12481-R