Michael J. ARMAO, Plaintiff,

v.

AMERICAN HONDA MOTOR CO., et al., Defendants.

No. 3:92CV38 (RNC).

United States District Court, D. Connecticut.

Jan. 19, 1996.

Donald G. Walsh, Jr., Mary Ann Bellezza, Walsh, Burt & Associates, New Haven, CT, Norberto H. Yacono, Kenneth C. Marano, Paterson, NJ, for Michael J. Armao.

George D. Royster, Jr., John W. Lemega, Harris Brett Appelman, Steven H. Malitz, Halloran & Sage, Hartford, CT, David H. Kochman, John P. Hannigan, Lawrence A. Kushnick, Lester Schwab Katz & Dwyer, New York City, James M. Campbell, Campbell & Associates, East Hartford, CT, Dennis P. O'Connor, II, Noble, Young & O'Connor, West Hartford, CT, for American Honda Motor Co., Inc.

Martin Leonard Caine, III, Caine & Caine, Naugatuck, CT, William J. Ward, Naugatuck, CT, Jayne Elser Welch, Fitzpatrick & Mariano, Naugatuck, CT, for Town of Naugatuck.

Martin Leonard Caine, III, Caine & Caine, William J. Ward, Naugatuck, for Naugatuck Police Dept.

Thomas M. Murtha, Andrew B. Goodwin, Maher & Murtha, Bridgeport, CT, Geoffrey Lane Squitiero, Bridgeport, CT, Steven A. Ouellette, Cheshire, CT, for Champion Ambulance Service of Naugatuck Connecticut.

## RULINGS ON PENDING MOTIONS

CHATIGNY, District Judge.

Pending for decision in this case after extensive briefing and oral argument are several motions for summary judgment and a renewed motion to dismiss.

■ The motion for summary judgment filed by American Honda Motor Co., Inc. [doc. #126] is denied. The court is not entitled to decide as a matter of law that plaintiff sustained his injuries as a result of being stabbed by his girlfriend. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The limited exception to this rule that permits a court to disregard the affidavit of a party who tries to avoid summary judgment by contradicting his own prior sworn testimony does not apply here. Plaintiff's prior statement that he was stabbed by his girlfriend was not under oath. Moreover, any inconsistencies in his sworn statements concerning the manner in which the alleged accident occurred are not so flagrant as to preclude him from having an opportunity to attempt to explain the inconsistencies at trial.

■ The motion for summary judgment filed by the Borough of Naugatuck [doc. #139] is granted as to the Town but denied without prejudice as to police officers John Doe and Richard Roe. Plaintiff's state law claims against the Town, which are based on the Town's status as the employer of Doe and Roe, are barred because he failed to give the Town written notice of his intention to commence an action against the Town within

six months after the cause of action accrued as required by Conn.Gen.Stat. § 7–465. His federal civil rights claim against the Town pursuant to 42 U.S.C. § 1983 is not barred by his failure to comply with the state statute. However, the § 1983 claim against the Town fails to state a claim on which relief can be granted. Like the state law claims, the § 1983 claim is based solely on the Town's employment of Doe and Roe. Respondeat superior may not serve as a basis for imposing liability under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Turning to the claims against Doe and Roe, plaintiff's deposition testimony that one of the police officers subjected him to rough treatment raises a triable issue of liability for excessive force as against that officer under 42 U.S.C. § 1983. The other allegations of wrongdoing on the part of the police officers do not raise a triable issue. The evidence establishes that the police officers did not delay calling for medical assistance for the plaintiff, interfere with efforts to provide him with medical assistance or otherwise show deliberate indifference to his medical needs. There is no basis for the claim that the police officers violated the plaintiff's civil rights by conducting a criminal investigation or engaged in unlawful discrimination.

Plaintiff will have 20 days from this date to amend his complaint to identify the police officer who allegedly subjected him to the use of excessive force and to delete the fictitious defendants. The police officer who is named as a defendant may move for summary judgment on the ground that plaintiff cannot prove he suffered any actual injury as a result of the officer's alleged misconduct. Plaintiff has had ample time to develop such proof over the past four years and will have additional time to do so between now and the date his opposition papers will be due. Further requests for more time to develop proof in opposition to the police officer's motion for summary judgment on the issue of damages will not be granted.

■ The motion for summary judgment filed by Campion Ambulance Service of Naugatuck [doc. # 143] is denied without prejudice. There is a genuine issue of material fact as to whether the ambulance personnel were negligent. Plaintiff's request for more time to develop proof that the alleged negligence of the ambulance personnel aggravated his injury is granted. Plaintiff will have 30 days from today to try to develop such proof. Thereafter, Campion may renew its motion for summary judgment on the ground that plaintiff cannot prove proximate cause and damages and plaintiff will be required to oppose the motion on the merits.

■ The renewed motion to dismiss filed by Campion Ambulance [doc. # 146] based on Conn.Gen.Stat. § 52–190a(a) is denied. *LeConche v. Elligers*, 215 Conn. 701, 579 A.2d 1 (1990), holds that failure to file a good faith certificate at the outset does not require dismissal of the complaint. Moreover, even if the requirement of a reasonable precomplaint inquiry is subject matter jurisdictional—a question the *LeConche* opinion left for another day—plaintiff's failure to consult a similar health care provider before filing suit does not mean that his complaint must be dismissed. A plaintiff who sues a health care entity for ordinary negligence does not have to get a supporting opinion from a similar health care provider before filing suit. See *Delaney, PPA v. Newington Children's Hospital*, 1994 WL 228322 (Conn.Super. May 9, 1994). In this case, where the alleged negligence consists of a claim that ambulance personnel aggravated plaintiff's injuries by "dropping" him from a stretcher, plaintiff's counsel could form a good faith belief that there had been such negligence (and proceed to file suit) without consulting an expert.

So ordered.