[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'SNOTION TO DISMISS
On June 25, 1997, the plaintiff, Bantam Fire Company filed a complaint sounding in breach of contract against the defendants, Clifford A. Cooper, A.I.A. Architects, P.C. and Clifford A. Cooper. The basis of the complaint is a contractual agreement whereby the defendants agreed to design and construct a firehouse for the plaintiff. According to the plaintiff's complaint, the defendant breached the contract by: negligently creating the design documents, negligently coordinating the design documents, negligently coordinating, supervising, and inspecting the construction of the project, and failing or refusing to correct the design inaccuracies or omissions and the resulting defects in the building.
On October 7, 1997, the defendants moved to implead Lenard Engineering, Inc. and Joseph L. Calabrese, P.C. as third party defendants. The court granted the motion on November 26, 1997. On December 31, 1997, the plaintiff filed a cross complaint against the third party defendants.
Before the court is the third party defendant, Joseph L. Calabrese, P.C.'s, motion to dismiss the plaintiff's cross complaint. The basis of the motion to dismiss is that the plaintiff did not file the cross complaint within twenty days of the third party defendant's appearance in the case, as General Statutes § 52-102a(c) requires. According to the third party defendant, such failure deprives this court of subject matter jurisdiction over the cross complaint. Pursuant to Practice Book § 143, the third party defendant filed a memorandum of law in support of the motion to dismiss.
The plaintiff argues that the motion to dismiss should not be granted because the twenty day time limit in General Statutes CT Page 1580 § 52-102a(c) is procedural in nature and failure to comply with it does not deprive the court of subject matter jurisdiction. Pursuant to Practice Book § 143, the plaintiff filed a memorandum of law in opposition to the motion to dismiss.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone . . ." (Citation omitted internal quotation marks omitted.) Bardev. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The issue presented by this motion to dismiss has not been previously determined by this court. This court, however, is reminded that it must presume the legislature had a purpose for each sentence, clause or phrase in a legislative enactment and that no clause in the statute is superfluous. Yale University v.Blumenthal, 225 Conn. 32, 621 A.2d 1304 (1993). At the same time, there exists an established principle that every presumption is to be indulged in favor of jurisdiction. LeConchev. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990). Nonetheless, this court holds that the plaintiff's failure to file the cross complaint against the third party defendant within the twenty day period deprives this court of subject matter jurisdiction over such complaint.
The plaintiff's argument that the twenty day period is merely procedural and of no significance does not persuade this court. In particular, the plaintiff relies on Branigan v. Kulak,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 449029, 7 CONN. L. RPTR. 371 (September 18, 1992; Goldberg, J.) for the proposition that the twenty day requirement does not implicate subject matter jurisdiction. A minimal delving into the procedural history of Branigan v. Kulak reveals that the plaintiff's original complaint against the third party defendant was dismissed because the plaintiff did not comply with General Statutes § 52-102a(c). Moreover, the plaintiff's second complaint against the third party defendant was allowed to stand, although untimely, because by the time the court ruled on the earlier motion to dismiss the twenty day period had expired. CT Page 1581 Clearly, the facts of this case do not mimic those presented inBranigan v. Kulak.
This court notes that the plaintiff may still move to cite in the third party defendant pursuant to Practice Book § 103 and amend its complaint to state a cause of action against the third- party defendant.
For the reasons discussed, the motion to dismiss is granted.
Hon. Walter M. Pickett, Jr.State Judge Referee