[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE
By complaint filed November 26, 2001, the plaintiff filed this action claiming that as a result of the defendant physician's negligence in performing a surgical excision of a groin mass, she suffered injury. The plaintiff did not file a Good Faith Certificate as is required by Connecticut General Statute § 52-190a. The defendant filed this Motion to Strike the complaint on March 13, 2002, asserting that the because a Good Faith Certificate was not filed, the plaintiff fails to state a legally sufficient claim upon which relief can be granted. A Memorandum of Law in Opposition to this motion was not filed by the plaintiff.
The Appellate Court in Trimel v. Lawrence Memorial Hospital Rehab.Ctr, 61 Conn. App. 353, 764 A.2d 203 (2001) established a rule for the application of Connecticut General Statutes § 52-190A:
 "[T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." Id., 358.
Moreover, "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book [§ 10-39] for failure to state a claim upon which relief can be granted. . . ." LeConche v. Elliger,215 Conn. 701, 711, 579 A.2d 1 (1990).
In viewing the allegations in the light most favorable to the CT Page 4875 plaintiff, the complaint states allegations of medical/surgical negligence against a health care provider. It is alleged that the defendant, while acting in his capacity as a surgeon, negligently operated on the plaintiff's groin. Under the Trimel test a Good Faith Certificate was required to support the plaintiff's claims. Because the plaintiff failed to file a Good Faith Certificate, her complaint is fatally flawed.
The Motion to Strike is granted.
By the Court,
____________________, J. CAROL A. WOLVEN