[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This negligence action, commenced on April 17, 2000 claimed damages from defendant Hospital for injuries sustained by an 87-year-old plaintiff, injured when she fell off the edge of a bed where she was sitting up unattended. On January 3, 2001, this court granted a motion to strike the complaint because this was essentially a malpractice case and plaintiff had failed to file a good faith certificate pursuant to General Statutes § 52-190a.
On March 1, 2001, plaintiff filed a substitute complaint, sounding in malpractice, together with a good faith certificate.
Defendant hospital on December 3, 2001 moved for summary judgment on the ground that plaintiff had failed to file her good faith certificate before the original complaint.
 I.
Defendant argues that General Statutes § 52-190a required, in this case, that a reasonable inquiry be made and a good faith certificate to have been filed prior to the commencement of this action, and that the substitute complaint filed together with a good faith certificate did not meet the requirement of the statute. Defendant relies on our Supreme Court decision in LeConche v. Elligers, 215 Conn. 701, 705 (1990), which although stating that the absence of a good faith certificate was not jurisdictional and could be cured by a timely amendment held that "the CT Page 8849 statute, however, clearly requires a factual inquiry by the court regarding the sufficiency of the precomplaint investigation." Defendant urges a construction of this statute as requiring a reasonable inquiry and a good faith certificate to be made and completed prior to the filing of the original complaint. That construction appears to be unduly harsh and not warranted by the purpose of the statute, described in LaConche as "evidencing (plaintiffs) good faith."
In this case, the original complaint was brought against the Hospital in simple negligence and this court granted defendant's motion to strike the complaint because it concluded that the action sounded in malpractice and required a good faith certificate. Thereafter, plaintiff filed her substituted complaint and a good faith certificate certifying that a reasonable inquiry had been made.
This court reads the statute as referring either to the original complaint or the substituted complaint with respect to the requirement of a reasonable inquiry and a good faith certificate under the statute, at least in the context of the motion history of this case. To some extent, this court's previous decision on the motion to strike fulfills the requirement of a reasonable inquiry and validates the good faith of the plaintiff in filing the "Certificate of Reasonable Inquiry" together with the substituted complaint. As plaintiff points out, she could have filed a new action after her original complaint was struck, and that complaint accompanied by a good faith certificate attesting to a reasonable inquiry would have been sufficient.
If the observation in LeConche, that the failure to file a good faith certificate was not jurisdictional but was curable by a timely amendment has any meaning, the substituted complaint in this case, accompanied by a good faith certificate must be deemed to comply with the statute.
Motion for summary judgment denied.
 ___________________ Wagner, JTR