[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Robin Bazzano, commenced this action by filing a writ, summons and single count complaint against the defendant, State Trooper Pablo Arroyo, on July 16, 1993. This action was brought against Trooper Arroyo individually and in his official capacity. The single count alleges that the plaintiff suffered physical injury and emotional trauma as the result of the defendant having resorted to the intentional use of excessive force in arresting the plaintiff.
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court. Practice Book 143(1). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531, 542,590 A.2d 914 (1991). Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988). Every presumption favors the jurisdiction a court. LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990).
The defendant seeks to dismiss the lawsuit as against Trooper Arroyo in his official capacity for lack of subject matter jurisdiction because the action is barred by the doctrine of sovereign immunity. While it may be true that the plaintiff's action against the defendant in his official capacity is barred by the doctrine of sovereign immunity, see Krozser v. City of New Haven, 212 Conn. 415, 562 A.2d 1080 (1989), the complaint only sounds in a single count, a count in which this court has jurisdiction. The appropriate procedure would have been a request to revise the complaint into CT Page 9332 two counts, one against the defendant in his individual capacity and a count against the defendant in his official capacity. The defendant then should have filed a motion to strike the count of the plaintiff's complaint that was alleged against the defendant in his official capacity. Since every presumption favors the jurisdiction of the court, LeConche v. Elligers, supra, and since the complaint is only one count, a portion of which this court has jurisdiction, the motion to dismiss is denied.
PICKETT, J.