[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#116)
Plaintiff, Hall-Brooke Hospital, brought suit against defendant, John Fitzpatrick (hereinafter "Fitzpatrick"), for collection of hospital bills claimed to have been incurred between May and November 1988. Defendant filed a counterclaim alleging that one of the defendant's employees "had unauthorized, unprofessional and improper contact with the defendant, John Fitzpatrick, [and] [s]uch contact was emotionally disturbing and exacerbated the defendant's . . . condition causing him further injury and damage. . . ." Fitzpatrick further alleges that while a patient at Hall-Brooke Hospital he "was given an excessive amount of medication upon discharge leading to necessity of further hospitalizations, [sic] exacerbating his medical condition, some of which may be of a permanent nature." (Defendant's Amended Answer Special Defense and Counterclaim, dated June 3, 1992, p. 4-5).
In addition to his counterclaim, Fitzpatrick has attached a "Supplemental Certificate of Good Faith" dated June 14, 1993. (On May 5, 1992, he had filed an earlier Certificate of Good Faith). In his affidavit, defendant states that he reported "certain instances of conduct towards . . . [him], alleged in the [c]ounterclaim of the staff of the plaintiff, Hall-Brooke Hospital . . ." and that he reported these incidents to his (unnamed) physician. Fitzpatrick further states in his affidavit that the doctor's report corroborates his discussion of the incidents. In the court's file is a copy of a medical report from plaintiff's physician, Dr. Mark Waynick, M.D., to plaintiff's attorney.
On December 15, 1992, all counsel signed a letter to the court listing the dates and pleadings not yet heard by the court.
1. 4/27/92 — Defendant Hall-Brooke's Motion for Summary CT Page 9807 Judgment on Counterclaim;
 2. 6/10/92 — Defendant Hall-Brooke's Motion to Dismiss Counterclaim;
 3. 6/10/92 — Defendant Hall-Brooke's Objection to the Request to Leave to Amend Counterclaim;
 4. 7/27/92 — Plaintiff's Hall-Brooke's Objection to Defendant's Request for Discovery;
 5. 9/1/92 — Defendant Hall-Brooke's Motion to Preclude on Counterclaim;
 6. 11/9/92 — Plaintiff Hall-Brooke's Motion for Summary Judgment;
 7. 11/9/92 — Plaintiff's Objection to Defendant's Notice of Deposition and/or Protective Order;
 8. 11/13/92 — Defendant Hall-Brooke's Affidavit pursuant to Practice Book 225;
 9. 12/2/92 — Plaintiff Hall-Brooke's Objection to the plaintiff's Motion for Extension of Time.
Between the letter of December 15, 1992 and the hearing on July 20, 1993, the parties filed a plethora of pleadings.
Because the threshold issue concerns subject matter jurisdiction and because there is nothing further forthcoming from Fitzpatrick, the court addresses Hall-Brooke's Motion to Dismiss dated June 10, 1992 considering it dispositive of other pleadings addressing the issue of subject matter jurisdiction.
The court also considers the Supplemental good faith certificate dated June 4, 1993.
General Statutes 52-190a provides in pertinent part:
 No action accruing on or after October 1, 1986 shall be filed to recover damages . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the CT Page 9808 attorney or party filing the action has made a reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant.
"[T]he general purpose of 52-190a is to discourage the filing of baseless lawsuits against health care providers" Le Conche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990). "The purpose of the certificate is to evidence a . . . [claimant's] good faith derived from the pre-complaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable inquiry giving him a good faith belief in defendant's negligence." Id., 711.
General Statutes 52-190a provides that in a medical malpractice action, the claimant or the attorney representing the claimant must file a certificate of good faith (Emphasis added). Where an attorney believes his client to be "incompetent," the attorney may file the certificata [certificate] after making reasonable inquiry and, based upon that inquiry, certify that there is a good faith belief that a cause of action exists if the attorney has such a good faith belief, the attorney would be in a position to sign a certificate. Fitzpatrick's attorney chose not to do so.
Moreover, the medical report submitted by Fitzpatrick does not support the claim that Fitzpatrick had a good faith belief that medical malpractice was committed. Dr. Waynick, Fitzpatrick's treating psychiatrist, stated in his report that he reviewed the alleged incident at Hall-Brooke Hospital in great detail and that it was his feeling "there was no direct sexual advances on . . . [Fitzpatrick] during his stay at Hall-Brooke Hospital." In addition, Dr Waynick reported that the dosage and amount of medication prescribed to Fitzpatrick "appear to be appropriate quantities." Dr. Waynick also stated that "[w]hat [Fitzpatrick] recalls as sexual advances are difficult to interpret because they could be seen as delusional or factual." Furthermore, Dr. Waynick CT Page 9809 did not see Fitzpatrick during the latter's hospital stay but after Fitzpatrick left the hospital. Nothing in the good faith certificate therefore shows that the plaintiff initiated an investigation.
The good faith certificate requires a two-prong assertion. First, the affiant must attest that he made a reasonable inquiry to determine that malpractice has been committed; and second, based upon the inquiry, the affiant must attest that he has a good faith belief that grounds exist.
General Statutes 52-190a "clearly requires a factual inquiry by the court regarding the sufficiency of the pre-complaint investigation." Le Conche v. Elligers, supra, 708-9, quoting General Statutes 52-190(a). In the present action, a hearing was commenced on June 16, 1993, for the purpose of having Fitzpatrick attest to the fact that based upon his inquiry, he had a good faith belief that the hospital and its employees were negligent in his treatment and care. Fitzpatrick did not attend the hearing as his attorney represented that Fitzpatrick was not competent to take the stand. The court continued the hearing until July 20, 1993, so that Fitzpatrick could be allowed to satisfy the court that he had complied with the requirements of the "good faith certificate." The evidentiary hearing was not completed as the court received a letter, dated July 12, 1993 from plaintiff's attorney. In the letter, plaintiff's attorney advised the court that Fitzpatrick would "provide no further testimony and relies on his [a]ffidavits and material already presented regarding the [g]ood [f]aith [c]ertificate."
Because of Fitzpatrick's failure to attend the hearing and his attorney's representation that Fitzpatrick was "not competent." the [The] hearing did nothing to establish that, based upon a reasonable inquiry, Fitzpatrick has a good faith belief that a cause of action exists.
Count 2 of the Counterclaim is insufficient for the reasons that the "good faith certificate" is inadequate in asserting that a reasonable inquiry was made. No physician is named. The allegations of plaintiff are not supported by the contents of Dr. Waynick's letter if he is the physician to whom Fitzpatrick refers.
Therefore Count 2 of the Counterclaim is dismissed as the court lacks subject matter jurisdiction on the issue of medical malpractice. CT Page 9810
The plaintiff Hall-Brooke moved for a Summary Judgment on Count 1. While the documents submitted are referred to in the affidavit of Joan Cirone the court finds they are not certified copies of papers referred to in the affidavit. See Connecticut Practice Book 381. In addition, Fitzpatrick has disputed the bills and dates. There is a question of genuine issue of material fact. Therefore the Motion is denied.
LEHENY, J.