[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Zuli Steremberg, M.D., moves to strike the first, second, and fourth counts of the plaintiff's complaint because the plaintiff has failed to attach a certificate of good faith in compliance with Connecticut General Statutes Section 52-190a. In the plaintiff's Memorandum of Law in Support of Objection to Motion to Strike, the plaintiff identifies count one as a breach of contract claim, count two as a wrongful death claim and count four as a breach of the Connecticut Unfair Trade Practices Act.
A motion to strike tests the legal sufficiency of a complaint. Mingachos v. C.B.S., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988). General Statutes Section 52-190a provides, in part:
 No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from negligence of a health care provider, unless the attorney or party filing the CT Page 8798 action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant.
The general purpose of Section 52-190a "is to discourage the filing of baseless lawsuits against health care providers."LeConche v. Elligers, 215 Conn. 701, 710 (1990). The filing of a certificate is evidence that the plaintiff has conducted a reasonable inquiry. Id. at 711. The filing of a good faith certificate may be viewed as essential to the legal sufficiency of the plaintiff's complaint. Id. "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike. . . ." Id.
The first, second, and fourth counts of the plaintiff's complaint set forth claims in which it is alleged that the defendant's negligent conduct resulted in the death of the plaintiff's decedent. An allegation in tort or contract that alleges a death resulted from the negligent conduct of a medical doctor renders Section 52-190a applicable. Statutory causes of action are civil actions and are also covered by the requirements of Section 52-190a. Consequently, since Section 52-190a applies to the claims alleged against the defendant, Zuli Steremberg, M.D., the motion to strike the first, second, and fourth counts of the plaintiff's complaint is hereby GRANTED.
BY THE COURT
Melville, J.