[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
The plaintiff brought suit against the defendant hospital in October 1995. The hospital denied the allegations of the complaint and pursuant to § 52-102 (b) of the General Statutes filed an apportionment complaint against a doctor who is now an apportionment defendant. The doctor has moved to strike the hospital's apportionment claim alleging that it is legally insufficient because it was not accompanied by a good faith certificate pursuant to § 52-190 (a) of the General Statutes. CT Page 2400
Where § 52-190 (a) applies the absence of such a certificate does not deprive the court of jurisdiction but such a certificate is a pleading "akin to an essential allegation to support a cause of action . . . the absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike." LeConche v. Elligers,215 Conn. 701, 711
The problem here is whether § 52-190 (a) should apply. The defendant hospital points to the explicit language of the statute which says that "no civil action shall be filed for damages resulting from personal injury or wrongful death" which alleges negligence against a health care provider unless the party bringing suit attaches a good faith certificate. The defendant hospital argues § 52-190 (a) does not apply because the apportionment complaint against the doctor is not a claim for civil damages but only seeks apportionment of liability.
The apportionment defendant doctor points to the language of subsection (b) of § 52-102 (b) which says in relevant part: "The apportionment defendant shall have available to him (sic) all remedies available to an original defendant including the right to assert defenses, set-offs or counterclaims against any party." An "original defendant," who assumedly would be one sued for money damages, would have the "remedy" of a motion to strike available pursuant to LeConche if a medical certificate were not filed so an apportionment defendant should have the same remedy available.
This is a difficult matter to resolve especially since an apportionment defendant doctor would face harmful professional and insurance related consequences even if he or she is not sued for money damages but is brought into a case solely for apportionment purposes.
On the other hand, it is difficult to see how the general language of § 52-102 (b) subsection (b) can give to an apportionment defendant, who maintains his character as such, the "remedy" provided for as a means to enforce § 52-190 (a) which by its explicit language was not enacted to give such a defendant any protection. As LeConche points out § 52-190 (a) was enacted "to discourage the filing of baseless lawsuits against health care providers." 215 Conn. at page 710. But the scope of that protection was not extended to lawsuits or civil CT Page 2401 actions in general but only to those civil actions alleging negligence and seeking "to recover damages." (Emphasis added.)
A health care provider not sued for negligence and against whom no damages claim was made could of course not claim the protections of any "remedy" provided for in § 52-190 (a); how then can a health care provider in the same position because he or she is only brought into a case for apportionment purposes, utilize this "remedy" because of a phrase asserted in §52-102 (b) which does not even explicitly reference § 52-190 (a) and would extend the reach of the latter statute beyond its intended purposes? The only reported case seems to agree with this conclusion. See Stowe v. McHugh, 1995 WL 27210 (Waterbury J.D., 1995).
This may be a situation where legislative action not judicial creativity is appropriate. The motion to strike is denied.[1]
Corradino, J.