[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
As the standard set forth below establishes, if this is a medical malpractice case, covered by § 52-190a, than the motion to strike should be granted because the plaintiff did not file the required certificate of good faith. Conversely, if it is simple negligence, no CT Page 14560 certificate is necessary.
The plaintiff alleges that on July 29, 1999, she was admitted to St. Vincent Medical Center (hospital). On August 3, 1999, the plaintiff was still in the hospital and being transported in a wheel chair to undergo testing for upcoming abdominal surgery. When two employees of the hospital attempted to remove the plaintiff from the wheel chair her foot became caught in the chair and her ankle was injured. She alleges that the defendant, through it's employees, caused her bodily injury. She claims that due to the negligence of the employees of the hospital, she was injured and seeks damages.
The plaintiff filed a complaint alleging the above facts on November 8, 2000. The defendant moved to strike the complaint on February 5, 2001, on the ground that the complaint lacked a certificate of good faith. The defendant argues that this is a medical malpractice action and pursuant to General Statute § 52-190a the plaintiff should have filed a certificate of good faith with the complaint and that failure to do so subjects the complaint to a motion to strike. The plaintiff argues that the action is a claim for ordinary negligence and not a claim for medical malpractice. Therefore, the plaintiff objects to the motion to strike on the ground that a good faith certificate was not necessary.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotations marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotations omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book [§ 10-39][1] for failure to state a claim upon which relief can be granted. . . ." LeConche v. Elliger,215 Conn. 701, 711, 579 A.2d 1 (1990).
"The text of [52-190a[2]] the statute suggests that its purpose is to prevent frivolous lawsuits against health care providers. See Bruttomessov. Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 15, 698 A.2d 795 (1997) (`[t]he purpose of [§ 52-190a] is to inhibit a plaintiff from bringing an inadequately investigated cause of action, whether in tort or in contract, claiming negligence by a health care provider'); LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990) ("the general purpose of § 52-190a is to discourage CT Page 14561 the filing of baseless lawsuits against health care providers')." Kingv. Sultar, 253 Conn. 429, 450-51, 754 A.2d 782 (2000). Therefore, claims against medical providers, by a patient for medical malpractice, should receive a preliminary investigation by the attorney bringing the action. General Statutes § 52-190a does not however, preclude a health care provider from being sued in simple negligence.
The statute only applies if the cause of action is for medical malpractice. The test for whether a case is a medical malpractice action was set forth in the recent Appellate Court decision of Trimel v. Lawence Memorial Hospital Rehabilitation Center, 61 Conn. App. 353, cert. granted, 255 Conn. 948, ___ A.2d ___ (2001).[3]
Both parties rely heavily on the Trimel decision which involved a woman who was injured while visiting a physical therapist. She was at a regular appointment and was injured while transferring herself from her wheel chair to a floor mat. Id., 355. In Trimel, as in the present case, the defendant medical care provider filed a motion to strike on the ground that the plaintiff did not file a good faith certificate with the complaint. The Appellate Court decision established a rule for the application of General Statute § 52-190a: "[T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." Id., 358.
In the present case, the defendant is a medical provider being sued in its capacity as a medical provider. (Plaintiffs Complaint, ¶ 2) Further, the plaintiff, like the plaintiff Trimel, was at the medical facility for the purpose of treatment, specifically her pre-surgery testing. The sole question is whether the defendant, through the service of its employees, was exercising medical judgment when the plaintiff was injured.[4] "That question is a close one." Trimel v. Lawrence Memorial Hospital Rehabilitation Center, supra, 61 Conn. App. 358. InTrimel, the physical therapist exercised medical judgment when instructing the patient, who suffered from multiple sclerosis, to transfer herself from the wheel chair to the floor. The court reached this conclusion based on the facts that training the patient to perform this transfer in and out of the wheel chair was a stated goal of the therapy and the fact that the patient attempted to remove herself after her therapist instructed her to do so. Id., 360. The present case can be distinguished from Trimel because in Trimel the therapist had knowledge and understanding of the patients condition and capabilities. Based on CT Page 14562 that knowledge, the therapist instructed the patient to transfer herself which resulted in the patient being injured. Further, the therapist inTrimel was the patients treating therapist.
The present case is similar to Trimel in some aspects but quite different in others. Both cases involve a wheel chair, a health care provider, and health care employees. In the present case, however, the health care employees were not exercising medical judgment. The workers were simply transporting the plaintiff in a wheel chair, a task that does not require medical knowledge. See, e.g., Sloan v. St. Francis Hospital Medical Center, Superior Court, judicial district of New London, Docket No. 536439 (November 27, 1996, Hendel, J.) (An orderly injured a patient while transporting a patient from the emergency room to the patients room. The Court found that: "[t]he acts were committed at a hospital, but not in the course of medical care or treatment. . . . this case presents no issue relating to the exercise of medical judgment in the care or supervision of a patient."); Ferrara v. St. Joseph's Living Center, Superior Court, judicial district of New London at Norwich, Docket No. 112858 (December 16, 1998, Hurley, J.) (the court concluded that failing to lock the wheels of a wheel chair is simple negligence). These incidents of negligence by a health care provider were not considered medical malpractice. Similarly, the alleged negligence in this case cannot be considered medical malpractice.
Therefore, the plaintiff was not required to file a certificate of good faith and thus, the motion to strike is denied.
Skolnick, J.