[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff filed a five count amended complaint, dated November 19, 2001 against defendants Dr. Robert Levine, Dr. Amy Knorr, Neurology Associates of Norwalk, P.C. (the P.C.), and Norwalk Hospital Association, d/b/a Norwalk Hospital. Plaintiff alleges medical malpractice against all defendants.
On July 8, 2002, the court heard argument on motions filed by each defendant which attack the validity and sufficiency of the good faith certificate filed by plaintiff as required pursuant to General Statutes § 52-190a (a).[1] Defendants Levine and the P.C., and defendant Knorr each filed a motion entitled "Motion to Dismiss and/or Strike", while defendant Norwalk Hospital filed a "Motion to Strike and/or Motion for Summary Judgment".
The defendants all argue that the person consulted by plaintiff for the good faith certificate, David Papendick, M.D., of Wisconsin, does not meet the requirements of a "similar health care provider" under General Statutes § 52-184c, and therefore, the good faith certificate filed pursuant to § 52-190a (a) is invalid and insufficient.[2]
The plaintiff argues that defendants' motions are premature under the language of § 52-190a (a), procedurally improper, and that David Papendick, M.D., meets the definition of a similar health care provider under § 52-184c.
"[T]he general purpose of 52-190a is to discourage the filing of baseless lawsuits against health care providers. . . . The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to the defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. . . . The purpose is . . . served by viewing the statutory requirement that the complaint contain a good faith certificate as a pleading necessarily akin to an CT Page 14681 essential allegation to support a cause of action." LeConche v.Elligers, 215 Conn. 701, 710-11 (1990). Section 52-190a (a) provides for sanctions against the person signing such a certificate, a represented party, or both, if the court determines, after the completion of discovery, that a certificate was not made in good faith.
In the present case, discovery is not completed. Defendants argue that they should be allowed to challenge the good faith certificate now in the interests of judicial economy and avoiding the expense of defending the action because the plaintiff already voluntarily disclosed the name of David Papendick, M.D., as the person relied on for the certificate and Papendick does not meet the requirements of a similar health care provider under § 52-184c.
In Hoe v. Corning, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309736 (August 4, 1994, Vertefeuille, J.), the defendant physicians, before discovery had been completed, moved for an order of disclosure of the basis for the good faith certificate, including the written report of any health care provider consulted for the certificate. The court denied the defendants' motion stating, "General Statutes § 52-190a (a) clearly defers any inquiry concerning the sufficiency of the certificate or the pre-suit inquiry until after the completion of discovery. There is no exception on public policy or other grounds." The court in Hoe cited to another trial court decision,Zamstein v. Marvasti, Superior Court, judicial district of New Britain, Docket No. 457182 (October 21, 1993, Pittman, J.), where the court found that, "[r]ead as a whole, the statute seems to contemplate the following chronology: a) plaintiff files the action, b) discovery ensues, c) discovery, in the main, discloses little or no expert support for a claim of medical negligence, d) defendant, now having a good faith suspicion concerning the validity of the certificate, files discovery aimed at the certificate, and e) either plaintiff produces some evidence of reasonable inquiry, ending the controversy over the issue, or plaintiff is unable to support the certificate and the court entertains the issue of sanctions."
This court agrees with the above outlined chronology and finds that the chronology does not change even when the identity of the health care provider who gave the opinion for the good faith certificate is disclosed before discovery is completed. The discovery process can disclose expert support for the claims beyond that relied on for the certificate. If expert support for the claimed malpractice is disclosed in discovery, the lawsuit would, therefore, not be baseless and the purpose behind §52-190a (a) would be served. The defendants would not have grounds to challenge the original certificate. Allowing an earlier inquiry into the CT Page 14682 validity of the certificate would transform the requirements of §52-190a (a) from a reasonable precomplaint inquiry giving rise to a good faith belief in the defendant's negligence into that of precomplaint proof of defendant's negligence. Allowing such an inquiry before discovery is completed would cause the court and counsel to focus unnecessarily on what ultimately may be shown, through expert support disclosed in discovery, to be a valid claim.
Furthermore, § 52-190a (a) allows a plaintiff "to establish a reasonable precomplaint inquiry by references to factors beyond the certificate evidencing their good faith, and beyond any written expert opinion they may have secured." LeConche v. Elligers, supra,215 Conn. 708-09. Thus, the court may look at more than the underlying opinion to determine plaintiff's good faith. "The statute [52-190a (a)], however, clearly requires a factual inquiry by the court regarding the sufficiency of the precomplaint investigation. That inquiry is to be undertaken after the completion of discovery. . . . The existence of a report by a medical expert may be, but is not necessarily, sufficient to establish the plaintiff's good faith belief." Id. Allowing an inquiry before discovery is completed, therefore, violates both the plain language and the purpose of the statute.
Although the defendants must wait until discovery is completed, the statute protects the defendants' interests by allowing the court to impose serious sanctions, including referral for disciplinary action, against an attorney if it determines that a certificate was not made in good faith. "Under the statute as enacted by the legislature, that is the Defendants' sole recourse." Hoe v. Corning, supra, Superior Court, Docket No. 309736.
For the foregoing reasons, the court finds that the defendants' challenge to the validity and sufficiency of the good faith certificate is premature.
Furthermore, the defendants' motions are not the proper procedural vehicles for addressing such a challenge to the validity and sufficiency of a good faith certificate. In LeConche v. Elligers, supra, 215 Conn. 711, the Supreme Court found that the lack of a good faith certificate does not deprive the court of subject matter jurisdiction but "renders the complaint subject to a motion to strike." Because the court in LeConche
found that the good faith certificate is not a jurisdictional requirement, in the present case, a motion to dismiss is not procedurally appropriate. Similarly, in the present case a motion to strike is not procedurally appropriate because, unlike the situation in LeConche where there was no good faith certificate at all attached to the complaint, CT Page 14683 here there is a good faith certificate. Additionally, the defendants already have filed answers. Defendant Norwalk Hospital's motion sought, in the alternative, summary judgment, which may be appropriate at a later time, but is premature at this point in the proceedings.
Defendant Norwalk Hospital moved for summary judgment on the additional grounds that plaintiff's recently disclosed medical records from Dr. Phillips demonstrate that a good faith basis for plaintiff's action does not exist. For the reasons stated above, any inquiry into good faith is premature at this time. Accordingly, all of the defendants' motions are denied.
The plaintiff has asked the court, in her objections to defendants' motions, to impose sanctions and/or attorney's fees against the defendants for filing their motions. The plaintiff's request is denied.
 ___________________ CHASE T. ROGERS SUPERIOR COURT JUDGE